**PENN FISHING TACKLE MFG. CO.,**
**Plaintiff-Appellant,**

v.

**Paul PENCE and Ken A. MacPike, Individually and d/b/a Penco Tackle Company, Defendants-Appellees.**

**No. 74–1182.**

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1974.

Lynn C. Higby, Panama City, Fla., Zachary T. Wobensmith, II, Zachary T. Wobensmith, III, Philadelphia, Pa., for plaintiff-appellant.

Joe J. Harrell, Norton T. Bond, Pensacola, Fla., for defendants-appellees.

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff-appellee brought suit alleging that defendant's use of the name "Penco" on its fishing equipment infringed plaintiff's rights in its trademark "Penn." After a non-jury trial, the district court found no infringement. We affirm.

 Our inquiry is limited to whether the lower court's finding is "clearly erroneous." Rule 52(a) Federal Rules of Civil Procedure. The trial court applied the proper legal test, whether use of the allegedly infringing mark is likely to confuse consumers as to the source of the product. American Foods, Inc. v. Golden Flake, Inc., 312 F. 2d 619 (5th Cir. 1963). The evidence consisted largely of conflicting testimony by each party's witnesses as to whether such confusion was likely. The district judge rested his finding of no infringement not only on his evaluation of this testimony, but also on the lack of direct competition between the parties

and the visual dissimilarity of the marks. We cannot say he was clearly erroneous in so ruling, and the judgment is therefore

Affirmed.